1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10  ASSOCIATION OF WOMEN WITH
    DISABILITIES ADVOCATING ACCESS        CASE NO. 06-CV-02240- JM(LSP)

11  SUING ON BEHALF OF DELORES
    JACKSON AND ITS MEMBERS; and         **ORDER GRANTING MOTION**

12  DELORES JACKSON,                     **FOR SUMMARY JUDGMENT;**
                                         **GRANTING MOTION FOR**
                                         **ATTORNEY'S FEES;**

13                          Plaintiff,   **ORDER TO SHOW CAUSE WHY**
                                         **PLAINTIFFS' COUNSEL**

14       vs.                             **SHOULD NOT BE SANCTIONED**
                                         **UNDER RULE 11; GRANTING IN**

15  MARCOS MOUET d.b.a. RANCHOS          **PART AND DENYING IN PART**
    MERCADOS, LTD; ELLCENE C.            **MOTION TO AMEND**

16  DOUGLAS, DOUGLAS REVOCABLE
    TRUST,

17                          Defendants.

18       Defendant Marcos Mouet, d.b.a. Ranchos Mercados, Ltd., ("Mouet") moves for summary

19  judgment on Plaintiffs' Americans with Disabilities Act ("ADA") complaint. Plaintiffs oppose the

20  motion for summary judgment and separately move to amend the complaint. Defendants Ellcene C.

21  Douglas and Douglas Revocable Trust have not responded to the motions. Pursuant to L.R. 7.1(d)(1),

22  this matter is appropriate for decision without oral argument. For the reasons set forth below, the

23  court grants Defendant Mouet's motion for summary judgment, awards attorney's fees to Mouet, and

24  grants in part and denies in part the motion to amend. The court also orders the law firm of Pinnock

25  & Wakefield A.P.C. ("P & W") to show cause why the court should not impose Rule 11 sanctions for

26  submitting a complaint containing materially false and misleading allegations made without a

27  reasonable basis in fact or law. The OSC hearing, as well as Mouet's application for attorney's fees,

28  will be held on March 1, 2007 at 3:30 p.m.

1

**BACKGROUND**

2      On October 6, 2006 Plaintiffs commenced this action alleging that they "were denied full and

3  equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws

4  when they attempted to enter, use, and/or exit Defendants' facilities." (Compl. ¶2).  Plaintiffs allege

5  that Defendants Marcos Mouet, d.b.a., Ranchos Mercados, and Sea Shore Market, Ltd. are the owners

6  and operators  of Ranchos Mercados located at 4705 Point Loma Avenue in San Diego, California.

7  (Compl. ¶3).   Plaintiffs also allege that defendants Ellcene C. Douglas (Trustee/Conservator) and

8  Douglas Revocable Trust are the owners, operators, and lessors of the property located at 4705-4711

9  Point Loma Avenue.

10      Plaintiff Jackson alleges that she "experience[s] difficulty walking and seeing." (Compl. ¶7).

11 Plaintiff Jackson alleges, based upon her research, that she "would be unable to use the public

12 accommodations at Defendants' business establishments because they failed to comply with ADA

13 Access Guidelines For Buildings and Facilities" and that "Defendants failed to remove access barriers

14 within the public accommodations of Defendants' establishment." (Compl. ¶10).  Moreover,

15      Plaintiff's counsel gathered photographic evidence of the access violations.  Plaintiff
       alleges there is an absence of accessible signage at the facilities.  There is absence of
16     entrance and directional signage at the facilities.  Further, there are steps and 1 inch
       thresholds and loose mat located at the entrances of the facilities which made it
17     difficult for Plaintiff to utilize the facilities.  Also, the entrance door to the facilities
       was too heavy and narrow to operate.  The entrance door to the facilities did not have
18     the required door handle.  Further, there was no visible assistance signage at the
       facilities.  The interior path of travel inside the facilities was less than 36" in some
19     areas.  The restrooms failed to be accessible.  There fails to have the required signage
       at the restroom.  The counters were too high and the counter did not have assistance
20     signage.

21 (Compl. ¶11).

22      After identifying these specific architectural barriers, Plaintiffs then set forth over three pages

23 of boilerplate ADA guideline violations concerning minimum parking requirements, restroom

24 accessibility, and signage. (Compl. ¶12).  Plaintiffs then allege that "Defendants' facilities does (sic)

25 not meet these guidelines."  Id.  In light of the alleged architectural barriers, Plaintiffs allege that

26 plaintiff Jackson "was deterred from patronizing the facilities." (Compl. ¶13).  She further alleges that

27 she "was discriminated against each time she patronized Defendants' establishment." (Compl. ¶17).

28 / / /

1    Based upon the specific and generalized allegations of the complaint, Plaintiffs allege three

2  causes of action for violation of the ADA, California Accessibility Laws, and the Unruh Act.

3  Plaintiffs seek injunctive relief and attorney's fees.

4    On November 12, 2006, Defendant Mouet filed an answer to the complaint and, on

5  November 21, 2006 Defendant Mouet filed a motion for summary judgment with a noticed motion

6  hearing date of December 22, 2006.  The court then granted Plaintiffs' motion to consolidate for

7  hearing their motion for leave to amend with Mouet's motion for summary judgment.  The court set

8  a consolidated hearing date of January 5, 2007.  Plaintiffs filed their untimely opposition to the motion

9  for summary judgment one week late, on December 29, 2006.

10                                                    **DISCUSSION**

11  <u>Legal Standards</u>

12    A motion for summary judgment shall be granted where "there is no genuine issue as to any

13  material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P.

14  56(c); <u>British Airways Bd. v. Boeing Co.</u>, 585 F.2d 946, 951 (9th Cir. 1978), <u>cert. denied</u>, 440 U.S.

15  981 (1979).  The moving party bears the initial burden of informing the court of the basis for its

16  motion and identifying those portions of the file which it believes demonstrates the absence of a

17  genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  There is "no

18  express or implied requirement in Rule 56 that the moving party support its motion with affidavits or

19  other similar materials <u>negating</u> the opponent's claim."  <u>Id.</u> (emphasis in original).  The opposing party

20  cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and

21  by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

22  file' designate 'specific facts showing that there is a genuine issue for trial.'"  <u>Id.</u> at 324.  The

23  opposing party also may not rely solely on conclusory allegations unsupported by factual data.  <u>Taylor</u>

24  <u>v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

25    The court must examine the evidence in the light most favorable to the non-moving party.

26  <u>United States  v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).  Any doubt as to the existence of any issue

27  of material fact requires denial of the motion.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255

28  (1986).  On a motion for summary judgment, when "'the <u>moving party</u> bears the burden of proof at

1    trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence

2    were uncontroverted at trial.'" Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (emphasis

3    in original) (quoting   International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir.

4    1991), cert. denied, 502 U.S. 1059 (1992)).

5    **The Motion for Summary Judgment**

6    　　　　Defendant Mouet has come forward with substantial evidence to show that pivotal allegations

7    in the complaint are materially false and misleading and made without a reasonable basis in fact.

8    Defendant Mouet declares that his small convenience store suffered a severe flood in December 2004

9    and has not been open to the public since that time.  (Mouet Dec. ¶7).  Given Mr. Mouet's limited

10   financial resources the business has yet to be repaired and "will not be re-opening at any time in the

11   foreseeable future." (Mouet Decl. ¶9).  Even prior to the flood, the store never had a public restroom,

12   water fountain, water cooler, or pay phone - contrary to the complaint's allegations. (Mouet Decl. ¶4).

13   The store does not have any inventory, the shelving is pushed against the sidewalls, the store is

14   shuttered, and only workmen have access to the store.  (Mouet Decl. ¶6).  Plaintiffs do not dispute any

15   of these evidentiary facts.

16   　　　　The complaint alleges that there is an absence of accessible signage at the facility, the entrance

17   door was too heavy, the interior path of travel was less than 36",  the restrooms failed to be accessible,

18   the restroom did not have required signage and the counters were too high and the counter did not

19   have assistance signage.  (Compl. ¶11).  Moreover, Plaintiffs represent that "Plaintiff's counsel

20   gathered photographic evidence of the access violations." Id.  Plaintiffs then set forth over three pages

21   of boilerplate ADA Access Guidelines allegedly violated by Mouet.  Plaintiffs allege, among other

22   things, that the restroom stalls must have adequate clearance for wheelchairs, knee clearance under

23   the front lip of the sink, signage, grab bars, restroom dispensers, wrapped and insulated drainage pipes,

24   etc.  (Compl. ¶12).  Plaintiffs then allege that "Defendants' facilities does (sic) not meet these

25   guidelines" and that Plaintiff Jackson "was deterred from patronizing the facilities due to the alleged

26   ADA violations and/or alleged architectural barriers."  (Compl. ¶13).

27   　　　　The ADA sets forth a strong national policy to address discrimination against individuals with

28   disabilities. 42 U.S.C. § 1201(b)(4).  To accomplish those goals, the ADA prohibits discrimination

1  in "any place of public accommodation by any person who owns, leases (or leases to), or operates a

2  place of public accommodation," 42 U.S.C. §12182(a), and creates a private right of action through

3  which a litigant may obtain injunctive relief as well as attorney's fees and costs.  42 U.S.C. §

4  12188(a).

5         Here, Mouet has met his burden of identifying the grounds for relief warranting summary

6  judgment in his favor.  Mouet argues that Ranchos Mercados is not a place of public accommodation

7  since December 2004 and therefore the ADA does not apply to him or his closed convenience store;

8  Plaintiffs lack standing; Plaintiffs fail to demonstrate any present or future injury-in-fact; Plaintiffs'

9  alleged injury is too speculative; the claims are not ripe for adjudication; there is no causal connection

10  between the injury and the complained of conduct; the claims are barred by the statute of limitations;

11  and the ADA does not apply to closed businesses not operating in commerce.  Rather than attempt to

12  meet their burden of demonstrating a genuine issue of material fact or law with respect to any issue

13  of law or fact raised by defendants, Plaintiffs seek leave to amend the complaint to, among other

14  things, eliminate Mouet and Ranchos Mercados as defendants.[1]  Plaintiffs represent that Mouet should

15  be "jovial" with this result and represent that Mouet is only seeking attorney's fees by filing the

16  motion for summary judgment.  (Oppo. at p.10:8-9).  Plaintiffs set forth no other opposition to the

17  motion for summary judgment.

18         In sum, based upon Plaintiffs' failure to satisfy their summary judgment burden of

19  demonstrating a genuine issue of material fact or law on any of the grounds raised, the court grants

20  summary judgment in favor of defendants Mouet and Ranchos Mercados and against Plaintiffs.[2]

21  **Motion for Attorney's Fees**

22         The court finds that an award of reasonable attorney's fees and costs is entirely appropriate

23  under (1) the court's inherent authority; (2) as a prevailing party under 42 U.S.C. §12205; (3) 28

24  U.S.C. §1927; and (4) Rule 11.

25  / / /

26

27         [1] Plaintiffs have demonstrated a complete failure of proof by failing to submit any evidence in support of their
   claims.

28

         [2] Mouet is advised that the court would consider a motion for entry of partial judgment pursuant to Rule 54(b).

1    "All federal courts are vested with inherent powers enabling them to manage their cases and

2  courtrooms effectively and to ensure obedience to their orders.... As a function of this power, courts

3  can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." F.J. Hanshaw

4  Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir.2001) (citations omitted).  An

5  award of attorney's fees is authorized by 42 U.S.C. §12205: "In any action or administrative

6  proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the

7  prevailing party, other than the United States, a reasonable attorney's fee, including litigation

8  expenses, and costs. . . ."  In order for Defendants to obtain an award of attorneys' fees under this

9  provision, defendants must show that the action is frivolous, unreasonable, or without foundation.  See

10  Chirstiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412 416

11  (1978).  An award of attorney's fees is also appropriate under 28 U.S.C. §1927: "Any attorney or other

12  person admitted to conduct cases in any court of the United States or any Territory thereof who so

13  multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to

14  satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

15  conduct."  Finally, Rule 11 expressly authorizes an award of attorney's fees and costs when a pleading

16  is submitted to the court lacking "in evidentiary support" or is otherwise frivolous.  See Fed.R.Civ.P.

17  11; Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997).

18    Here, the overwhelming weight of the evidence, viewed in the best light for Plaintiff Jackson

19  and P & W, demonstrates that pertinent allegations were made without reasonable and competent

20  inquiry and lacked a reasoned basis in fact.  Key allegations giving rise to the ADA claim were

21  materially false and misleading.  Plaintiffs allege the absence of accessible signage at the facility, the

22  entrance door was too heavy, the interior path of travel was less than 36", the restrooms failed to be

23  accessible, the restroom did not have required signage and the counters were too high and the counter

24  did not have assistance signage. (Compl. ¶11).  The complaint further identifies three pages of alleged

25  ADA Guideline violations. (Compl. ¶12).  Surprisingly, Plaintiffs' counsel further represents in the

26  complaint that "Plaintiff's counsel gathered photographic evidence of the [nonexistent] access

27  violations."  Id.  These allegations were materially false and misleading as established by the

28  undisputed evidence submitted by the defense.

1      Plaintiffs' counsel further unreasonably and vexatiously prolonged this litigation. The

2   principals in P & W were informed on several occasions that the convenience store had been closed

3   for two years and not open to the public.  Undeterred, Plaintiffs' counsel refused to dismiss Mr. Mouet

4   with prejudice thereby necessitating the filing of the motion for summary judgment and related

5   documents to address Plaintiffs' frivolous complaint.  The court rejects P & W's argument that

6   Defendants should be "jovial" (Oppo. at p.10:8) with their proposed dismissal without prejudice.  This

7   cavalier argument lends currency to the perception, held by many, that what was originally hailed as

8   a triumph to eliminate discrimination against the disabled -- passage of the ADA -- has been

9   compromised and misused by the practices of some.  Boilerplate mass filings, or the filing of even a

10  single action prosecuted in bad faith, such as the instant case, undermines the nobility of purpose of

11  the ADA and unfortunately fuels the froth of those who believe that the ADA has become an engine

12  for lawsuit abuse.[3]  At best, P & Ws' arguments and pleadings demonstrate a reckless disregard for

13  their duties as officers of the court to make reasonable inquiry before hailing defendants into court.[4]

14      The record shows that Mouet went to substantial lengths in an attempt to resolve the lawsuit

15  before incurring substantial fees.  Before retaining counsel, Mouet affirmatively took steps to inform

16  P & W of the erroneous nature of the allegations.  Upon receipt of the summons, Mr. Mouet personally

17  visited the law offices of P & W on November 2, 2006 to inform them that the convenience store had

18  been closed for two years.  (Mouet Decl. ¶11).  Given the opportunity to correct the materially false

19  and misleading allegations of the complaint, the law firm of P & W neither dismissed Mouet from the

20  action nor, accordingly to the evidentiary record before the court, undertook further inquiry.  Id.  In

21  light of P & W's refusal to dismiss the action, on November 9, 2006 Mr. Mouet was compelled to

22  retain counsel, Mr. Mitch Wallis, Esq., to represent him in this matter.  (Wallis Decl. ¶2).  Mr. Wallis

23

24      [3] A discussion on this subject is set forth at Marjie Lundstom and Sam Stanton, Part 1: Visionary Law's Litigious Legacy, Sacramento Bee, November 12, 2006, available at http://www.sacbee.com/101/story/75520.html and Marjie

25  Lundstom and Sam Stanton, Targeting Entire Towns, Sacramento Bee, November 12, 2006, available at http://www.sacbee.com/101/story/75522.html.

26

27      [4] P & W also argue that Mouet is only seeking attorney's fees.  The court notes that an award of attorney's fees is only appropriate here because P & W failed to make an adequate inquiry prior to commencing this action.  This is an

28  action that should never have been brought against Mouet.  The court further notes that P & W should be intimately familiar with attorney's fees provisions as they have filed approximately 955 lawsuits in this district since 2000 and have received through settlement, or otherwise, very substantial monetary recoveries.

1  then immediately telephoned P & W and was unable to reach any attorney at the firm. He left three

2  separate voice mail messages for Theodore Pinnock, Esq., Michelle Wakefield, Esq., and David

3  Wakefield, Esq. informing them of the baseless nature of the allegations. (Wallis Decl. ¶3). Mr.

4  Wallis "never received a response to any of [the] messages." (Wallis Decl. ¶4). Shortly after an

5  answer was filed on November 13, 2006, Mr. Wallis received an offer wherein "Plaintiff would file

6  a new complaint not naming Defendant Mouet, but Plaintiff would not dismiss her claim against

7  Defendant Mouet with prejudice nor would Plaintiff reimburse [Mouet] for his attorney's fees."

8  (Wallis Decl. ¶6). Ultimately, Mouet dropped his demand for reimbursement for attorney's fees and,

9  on November 15 and 29 Mouet offered a "general walk-away settlement agreement in exchange for

10  a dismissal with prejudice of the entire action. No direct response was ever received to either of these

11  offers." (Wallis Decl. ¶8). Mouet then filed the present motion for summary judgment.

12      A complaint is frivolous when it is (1) baseless and (2) made without reasonable inquiry. Id.

13  As set forth above, the complaint is baseless and a simple inquiry would have demonstrated that fact.

14  Any reasonable inquiry would have disclosed, for purposes of the ADA, that the closed and shuttered

15  premises were not a place of public accommodation. Whatever inquiry P & W made - particularly

16  in light of their allegation that they have photographic evidence of such violations - did not comply

17  with counsel's professional responsibilities. The ADA is designed to eliminate discrimination against

18  the disabled, not to financially reward counsel who file and pursue a frivolous action.

19      Accordingly, the court will award reasonable attorney's fees and costs to Mr. Mouet and

20  against the law firm of P & W. Mr. Wallis is instructed to file a properly documented and supported

21  application for attorney's fees and costs no later than February 2, 2007. The application for attorney's

22  fees and costs should include all non-taxable costs associated with responding to the complaint, filing

23  the motion for summary judgment, and for preparation and prosecution of the requested application

24  for fees. P & W may file an opposition or response no later than February 16, 2007 and Mr. Wallis

25  a reply by February 23, 2007. This matter is calendared for oral argument on March 1, 2007 at 3:30

26  p.m.

27  / / /

28  / / /

**Rule 11 Sanctions**

Pursuant to Rule 11(b), the filing of the present complaint is a representation to the court that

to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

Fed.R.Civ.P. 11(b).  The imposition of sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation." Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988).   The Rule 11 certification contemplates that the attorney presenting factual contentions has conducted a pre-filing examination of the facts that is reasonable under the circumstances.  See Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986).  As stated above, P & W set forth specific allegations of ADA violations that simply do not exist, represent that they have photographic evidence of the alleged [nonexistent] violations, and have failed to conduct a reasonable inquiry into the premises occupied by Mouet.  Such conduct subjects P & W to consideration for Rule 11 sanctions.

The court issues this Order to Show Cause to P & W to show cause why sanctions should not be imposed for their filing and/or pursuit of frivolous allegations against Mouet and Ranchos Mercados, as identified above.  The court sets a hearing on this matter for March 1, 2007 at 3:30 p.m. P & W may file a response to this Order to Show Cause no later than by February 16, 2007.  Plaintiff Jackson is also ordered to appear at the hearing as well as an officer, director, or principal of the Association of Women With Disabilities Advocating Access.

**The Motion to Amend**

Plaintiffs seek leave to amend to allege architectural barrier claims against Trendsetters, a business establishment adjacent to Ranchos Mercados.  As leave to amend is to be freely granted,

1    Fed.R.Civ.P. 15(a), the court grants Plaintiffs leave to amend to file a first amended complaint

2    ("FAC").  To the extent Plaintiffs seek leave to amend allegations with respect to Mouet, the court

3    denies the motion as moot.[5]

4         In sum, the court grants Mouet's motion for summary judgment, awards attorney's fees in

5    favor of Mouet, and grants in part and denies in part Plaintiffs' motion for leave to amend the

6    complaint.  The court also calendars a hearing on Mouet's application for attorney's fees at the same

7    time as the OSC, March 1, 2007 at 3:30 p.m.

8         **IT IS SO ORDERED.**

9    DATED:  January 11, 2007

10                                                   Hon. Jeffrey T. Miller
11                                                   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27       [5] To clarify any potential confusion, Defendants Mouet, d.b.a. Ranchos Mercados, and Sea Shore Market, Ltd. (identified in the complaint as an owner and operator of Ranchos Mercados) are dismissed from the complaint with prejudice. The FAC may not include any allegations with respect to these Defendants or the premises occupied by Ranchos

28  Mercados.